# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DALLAS CADWIN JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 5:19-CV-21 (MTT) |
| | ) |
| WELLS FARGO HOME MORTGAGE NA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Dallas Cadwin Johnson has moved to proceed in forma pauperis ("IFP"). Docs. 2; 4. Motions to proceed IFP are governed by 28 U.S.C. § 1915(a), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). To show poverty, a plaintiff need not show that he is "absolutely

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners*, 364 F.3d 1305, 1306 n.2 (11th Cir. 2004).

destitute." *Id.* Instead, the plaintiff must demonstrate that "because of his poverty, he is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* However, this statute "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. 2014). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack*, 2014 WL 3845777, at *1 (citation omitted). The district court is given wide discretion to decide IFP cases and should "grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

The Plaintiff claims he has a monthly income of $1,200, no assets, and monthly expenses of $2,160. *See generally* Doc. 4. He has one daughter dependent upon him for support. *Id.* Based on this information, the Court finds the Plaintiff has sufficiently demonstrated poverty under 28 U.S.C. § 1915. The Court **GRANTS** the Plaintiff's motion to proceed IFP (Docs. 2; 4).

Because the Plaintiff is proceeding pro se, the Court must review his complaint and dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must construe the Plaintiff's pro se complaint liberally and in the light most favorable to the Plaintiff. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quotation marks and citation omitted).[2]

---

[2] The Court also notes the Defendant filed a motion to dismiss. Doc. 7. At the time the motion was filed, the Plaintiff had neither paid the required filing fee nor been authorized to proceed IFP. That motion is DISMISSED without prejudice.

The Plaintiff has brought suit against Wells Fargo Home Mortgage for violating his right to due process and other constitutional rights, as well as for fraud, negligence, and misrepresentation. Doc. 1 at 5. He states that Wells Fargo Home Mortgage claims an interest in real property located at 113 Vanessa Drive, Centerville, GA 31028. *Id*. He appears to argue that the Defendant cannot claim a legal interest in the property without "a valid trustee's deed," but argues that the Defendant cannot possibly have such a deed, because "any valid trustee's deed which could benefit Defendants would be null and void." Doc. 1 at 5. The Defendant's "deed" is allegedly void because the "mortgage note" on the property and the "deed of trust" took "divergent paths," thereby casting "[a] cloud on all title activity[.]" *Id*. The Plaintiff appears to attribute this divergence in part to the "Mortgage Meltdown disaster circa 2010." In addition to those claims, the Plaintiff raises issues with the procedures the bank has followed: the constitutional claims arise from "improper noticing for mortgage note and deed activities." *Id*. The fraud, negligence, and misrepresentation claims arise from the Defendant's alleged "multiple violations of ignoring proper loan procedures." *Id*. He also seeks $1,250,000.00 in compensatory and punitive damages. *Id*.

Even liberally construed, these allegations fail to state a plausible claim to relief. They do not identify the mortgage laws the Defendant allegedly violated or what actions by the Defendant allegedly violated them. The complaint provides no details of how the Plaintiff was "improper[ly] notice[d]" or what the "improper deed activities" were. *Id*. The Plaintiff's sweeping, non-specific assertions about the Defendant's "deed" being void fail to identify any source of law which would render the Defendant's deed void. The complaint fails to identify what sort of interest the Defendant claims in the property, what

sort of interest the Plaintiff claims in the property, and what alleged actions by the Defendant constitute violations of proper mortgage procedures or failure to provide the Plaintiff with due notice. The complaint also fails to clarify what legal duties the Defendant allegedly violated or why the Plaintiff is entitled to relief.

The Plaintiff may file a recast complaint which attempts to remedy those deficiencies and to otherwise "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The recast complaint must comply with the Federal Rules of Civil Procedure. For each claim the Plaintiff states, he shall lay out the elements of those claims and state with specificity the facts that satisfy each element. Mere conclusory statements will not suffice. Further, he should state each allegation in separately numbered paragraphs. *See* Fed. R. Civ. P. 10. The Plaintiff shall have **twenty-one days** to file a recast complaint. If the Plaintiff does not file a recast complaint or if the recast complaint also fails to state a claim, this lawsuit will be dismissed without prejudice in accordance with 28 U.S.C. § 1915(a).

**SO ORDERED**, this 2nd day of May, 2019.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT